Brent R. Pohlman, Esq.
**MANDELBAUM BARRETT, P.C.**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Phone: (973) 736-4600
Fax: (973) 325-7467
*bpohlman@mblawfirm.com*
*Attorneys for Defendant Pyramid Effect LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GRACIELA DONCOUSE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PYRAMID EFFECT LLC, AND HUANG'S HOLDING CORP.,<br><br>　　　　　　　Defendants. | *Civil Action No.* 1:25-cv-01043-JHR<br><br>**ANSWER & CROSS CLAIM** |

Defendant Pyramid Effect LLC ("Defendant"), by and through their counsel, Mandelbaum

Barrett PC, by way of Answer to Plaintiff's Complaint (the "Complaint"), responds as follows:

## JURISDICTION AND VENUE

1. This Defendant admits the allegations set forth in Paragraph 1 of the Complaint.

2. This Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. This Defendant admits the allegations set forth in Paragraph three of the Complaint.

4. Plaintiff asserts contention of law. As such, this Defendant makes no response thereto

and leaves Plaintiff to her proofs.

## PARTIES

5. This Defendant is without sufficient knowledge or information to admit or deny the

allegations set forth in Paragraph 5 of the Complaint and therefore leaves Plaintiff to her proofs.

1

6. This Defendant is that sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore leaves Plaintiff to her proofs.

7. This Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. This Defendant denies that it owns the premises.

9. This Defendant was out the allegations set forth in Paragraph 9 of the Complaint did not pertain to this Defendant. Therefore, this Defendant does not make any response thereto.

10. The allegations set forth in Paragraph 10 of the Complaint did not pertain to this Defendant. Therefore, this Defendant makes no response thereto.

11. Paragraph 11 of the Complaint asserts a contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

12. This Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

### FACTS COMMON TO ALL CAUSES OF ACTION

13. This Defendant denies that it owns the premises identified in Paragraph 13 of the Complaint. The remainder of the allegations set forth in Paragraph 13 Complaint constitute contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

14. This Defendant denies that it owns the premises identified in Paragraph 14 of the Complaint. This Defendant admits the remainder of the allegations set forth in Paragraph 14 of the Complaint.

15. This Defendant is without knowledge or information to admit or deny the allegations set forth in Paragraph 15 of the Complaint and leaves the Plaintiff to her proofs.

16. This Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. This Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

4911-0041-6623, v. 1

18. This Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. This Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. This Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. This Defendant is without knowledge or information to admit or deny the allegations set forth in Paragraph 21 of the Complaint and leaves the Plaintiff to her proofs.

22. This Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

23. This Defendant repeats and reiterates its response to the prior allegations as if more fully set forth herein at length.

24. The Complaint asserts contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

25. The Complaint asserts contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

26. This Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Complaint and leaves Plaintiff to her proofs.

27. This Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. This Defendant denies the allegations set forth in Paragraph 28 of Complaint.

29. This Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. This Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. This Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. This Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. This Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. This Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

4911-0041-6623, v. 1

35. This Defendant denies the allegation that this Defendant's business is being operated in a manner contrary to any controlling law or regulation.

36. This Defendant denies it has failed to comply with the relevant sections of the Americans with Disabilities Act cited in paragraph 36 of the Complaint.

37. This Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. This Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. This Defendant denies the allegations set forth in Paragraph 39 and Complaint.

40. This Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

**COUNT II**
**VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

41. This Defendant repeats and reiterates its response to all the prior. Allegations, as if more fully set forth here and at length.

42. Paragraph 42 of the Complaint asserts a contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

43. This Defendant admits the allegations set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint asserts a contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

45. This Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. This Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. This Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. This Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. This Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. This Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. This Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

4911-0041-6623, v. 1

## COUNT III
### VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

52. This Defendant repeats and reiterates its response to all prior allegations as if more fully set forth here within.

53. Paragraph 53 of the Complaint asserts a contention of law. Therefore, this Defendant makes no response thereto and leaves Plaintiff to her proofs.

54. This Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55. This Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. This Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. This Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. This Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. This Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. This Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. This Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. This Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

## COUNT IV
### INJUNCTIVE RELIEF

63. This Defendant repeats and reiterates its response to all prior allegations as if more fully set forth here within.

64. This Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

65. This Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. This Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. This Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. This Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. This Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

4911-0041-6623, v. 1

70. This Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT HUANG'S HOLDING CORP WITH DEMAND FOR ANSWER

1. Pyramid Effect, LLC as and for its cross-claim against defendant Huang's Holding CORP, states as follows:

2. Defendant/cross-claimant Pyramid Effect, LLC is party to an agreement with Defendant Huang's Holding CORP.

3. Pursuant to the terms of the Agreement Pyramid Effect, LLC is not authorized to undertake the repairs and renovations set forth by Plaintiff in the Complaint.

4. Pursuant to the terms of the Agreement only Defendant Huang's Holding CORP is permitted to undertake such repairs and renovation to the extent same are required by law.

5. Furthermore, the Agreement by and between the Defendants provides for defense, indemnification, and contribution is favor of Pyramid Effect, LLC in the event of the actions or omissions of Huang's Holding CORP give rise to liability against Pyramid Effect, LLC.

6. Pyramid Effect, LLC hereby makes a demand for defense, indemnification, and contribution against Huang's Holding CORP. for the claims asserted by Plaintiff in this litigation.

**WHEREFORE**, defendant Pyramid Effect, LLC respectfully requests that the Court:

A. Dismiss plaintiff's claims with prejudice and enter judgment in Pyramid Effect, LLC's favor.

B. Award damages in favor of the defendant Pyramid Effect, LLC, on its cross-claim in the amount for any amounts Pyramid Effect, LLC is adjudicated to be liable for in the instant litigation.

C. Award Pyramid Effect, LLC its reasonable costs and fees, including attorneys' fees.

6

D. Grant Pyramid Effect, LLC such other and further relief as the Court deems just and proper.

**MANDELBAUM BARRETT PC**
*Attorneys for Defendant Pyramid Effect LLC*

By:   */s/ Brent R. Pohlman*
       Brent R. Pohlman

Dated: October 3, 2025

## DESIGNATION OF TRIAL COUNSEL

Brent R. Pohlman is designated as trial counsel for Defendants in this matter.

**MANDELBAUM BARRETT PC**
*Attorneys for Defendant Pyramid Effect LLC*

By:   */s/ Brent R. Pohlman*
       Brent R. Pohlman

Dated: October 3, 2025

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that no other action or arbitration or administrative proceeding is contemplated.

**MANDELBAUM BARRETT PC**
*Attorneys for Defendant Pyramid Effect LLC*

By:   */s/ Brent R. Pohlman*
       Brent R. Pohlman

Dated: October 3, 2025

4911-0041-6623, v. 1